UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ARJUN KAUL, M.D.,

                              Plaintiff,

        -against-

SENATOR CHARLES SCHUMER;
ALLSTATE INSURANCE COMPANY;
GEICO; TD BANK, NA; GIBBONS, P.C.;
GANNETT CO., INC.,

                              Defendants.

19-CV-3046 (LLS)

TRANSFER ORDER

LOUIS L. STANTON, United States District Judge:

        Plaintiff brings this *pro se* action alleging that Defendants violated the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and the Sherman Act, 15

U.S.C. § 1, and deprived him of his rights under color of law by conspiring to influence a United

States District Judge in a case that Plaintiff is litigating in the United States District Court for the

District of New Jersey. *See Kaul v. Christie*, No. 16-CV-2364 (KM) (SCM) (D.N.J. *filed* Feb. 22,

2016). Named as Defendants are Senator Charles Schumer, Allstate Insurance Company

("Allstate"), Geico, TD Bank, NA ("TD Bank"), Gibbons P.C., and Gannett Co., Inc.

("Gannett"). For the following reasons, this action is transferred to the United States District

Court for the District of New Jersey.

## DISCUSSION

        Under the general venue provision, a civil action may be brought in:

        (1) a judicial district in which any defendant resides, if all defendants are residents
        of the State in which the district is located; (2) a judicial district in which a
        substantial part of the events or omissions giving rise to the claim
        occurred . . . ; or (3) if there is no district in which an action may otherwise be
        brought as provided in this section, any judicial district in which any defendant is
        subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

Plaintiff filed this complaint regarding an alleged conspiracy to obstruct his litigation in *Kaul v. Christie*, No. 16-CV-2364 (KM) (SCM) (D.N.J. filed Feb. 22, 2016), and to influence the federal district court judge presiding over that case. That proceeding in turn relates to the New Jersey Board of Medical Examiners' decision to revoke Plaintiff's license to practice medicine in New Jersey. *See id.*, ECF No. 300, at 1. Plaintiff lists addresses for Allstate in Northbrook, Illinois; Geico in Chevy Chase, Maryland; TD Bank in Cherry Hill, New Jersey; and Gannett in Tysons Corner, Virginia. Plaintiff lists Senator Schumer and Gibbons, P.C. as having offices in Manhattan. Because Plaintiff does not allege that all Defendants reside in New York or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No.

03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

*Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C.

§ 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors). A plaintiff's choice of forum is accorded less deference where

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See*

*Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events

occurred in New Jersey. Plaintiff is alleging a conspiracy to obstruct his litigation of a civil

action in New Jersey and to influence a New Jersey District Court Judge in a case arising from

the decision of the New Jersey Board of Medical Examiners to revoke Plaintiff's New Jersey

medical license. Venue is therefore proper in the United States District Court for the District of

New Jersey. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court

concludes that it is in the interest of justice to transfer this action to the United States District

Court for the District of New Jersey. *See* 28 U.S.C. § 1404(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. The Clerk of Court is further directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   May 24, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.